[L. A. No. 16069. In Bank.—July 14, 1937.]

GEORGE A. KELLAND, Plaintiff and Respondent, v. IDA GORDON KELLAND et al., Defendants and Respondents; H. S. SHAPIRO, Appellant.

IDA GORDON KELLAND, Plaintiff and Respondent, v. GEORGE A. KELLAND, Defendant and Respondent; H. S. SHAPIRO, Appellant.

C. H. Scharnikow and Alexander L. Oster for Appellant.

George W. Perkins, Arthur C. Webb and Charles I. Rosin for Respondents.

THE COURT.—In these actions consolidated on appeal (Nos. 363195 and 380379 in the court below, the first to determine whether transfers of property from husband to wife were procured through fraud and the second to quiet title), the appeal is prosecuted by defendant, cross-complainant, intervener, and appellant H. S. Shapiro, an attorney who originally represented the husband, George A. Kelland, and who claims a one-half interest in part of the property by virtue of his contract of employment with said husband. The causes are now before this court on motion of both principal parties, the husband and wife, to dismiss the appeal of said Shapiro or to affirm the judgment.

The appeal is without merit. Appellant claims that by virtue of an alleged stipulation in open court upon a former trial of the first action, No. 363195, he established a right of recovery for his client, the husband, as to one-half of the property transferred, thereby sufficiently fulfilling his contract of employment as attorney for the husband to entitle him to one-half of the husband's share, or an undivided one-quarter interest in the property as a whole; that because of said stipulation the evidence does not justify the finding that he did not become the owner of any interest in the property; and that he was wrongfully discharged as attorney for the husband and is entitled to full recovery under his contract of employment.

The record shows plainly that the parties never entered into the stipulation claimed by appellant. On the first trial of action 363195 (this appeal is from judgment after the second trial), the terms of a stipulation were discussed and certain provisions agreed to when, in the course of the discussion, a dispute arose as to the nature of the interest to be given appellant, and this dispute terminated in a failure to complete the stipulation. Indeed, in action 380379 the court specifically found that no stipulation had been entered into in action 363195. The record supports this finding.

Appellant raises no other questions which merit discussion. The judgment is affirmed.